UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

        Petitioner,

                                              Civil Case No. 23-11674

                                              Honorable Linda V. Parker
                                              United States District Judge

UNITED STATES OF AMERICA,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE

      Petitioner Jammie Collier, a pretrial detainee at the Clare County Jail in Harrison, Michigan, has filed a pro se petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2241.  Petitioner challenges his ongoing federal criminal prosecution in *United States v. Collier*, No. 23-cr-20283 (E.D. Mich.), in which he is charged with the offense of felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  He brings claims concerning violations of his Fourth Amendment and due process rights.  Petitioner is represented by counsel in his federal criminal case, which is pending in this district before Judge F. Kay Behm.

      A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits

that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. After reviewing the instant habeas petition, the Court concludes that it should be dismissed because the claims are not properly raised in a § 2241 action at this time.

To be eligible for habeas corpus relief under § 2241 as a federal pretrial detainee, Petitioner is required to first exhaust available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 550–51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"). When a federal pretrial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted before the trial court and on direct appeal before habeas corpus relief may be available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001) (internal citations omitted).

Petitioner's claims seeking dismissal of the indictment would be dispositive of his pending federal criminal charge. Consequently, Petitioner must exhaust those

claims before the trial court and on direct appeal before seeking federal habeas relief.

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. Further, the Court will deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Accordingly,

**IT IS ORDERED** that the habeas petition is **SUMMARILY DISMISSED WITHOUT PREDJUDICE.** This dismissal is without prejudice to Petitioner raising the claims in his federal criminal case and any related appeals.

**IT IS SO ORDERED.**

          s/ Linda V. Parker
          LINDA V. PARKER
          U.S. DISTRICT JUDGE

Dated: July 31, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 31, 2023, by electronic and/or U.S. First Class mail.

          s/Aaron Flanigan
          Case Manager