UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

        Petitioner,

        Civil No. 2:23-cv-11674

        Honorable Linda V. Parker
        United States District Judge

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT (ECF No. 7)**

Petitioner Jammie Collier, a pretrial detainee at the Clare County Jail in Harrison, Michigan, filed a *pro se* petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2241. Petitioner challenged his ongoing federal criminal prosecution in *United States v. Collier*, No. 23-cr-20283 (E.D. Mich.), in which he is charged with the offense of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The Court dismissed the habeas petition on the basis that Petitioner failed to exhaust his claims prior to filing the petition (ECF No. 5). The matter is now before the Court on Petitioner's motion to alter or amend the judgment.[1]

---

[1] Although Petitioner titles his motion as a motion for reconsideration, he appears to be bringing the motion pursuant to Rules 59(e) and 60(b).

Motions to alter or amend judgments pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

 (1) mistake, inadvertence, surprise, or excusable neglect;

 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

 (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

 (4) the judgment is void;

 (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

 (6) any other reason that justifies relief.

"The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation and citations omitted).

 The Court finds that Petitioner is not entitled to relief. In the opinion and order dismissing the case, the Court concluded that Petitioner's Fourth Amendment and due process claims would be dispositive of the pending federal criminal charge. Thus, he is required to exhaust those claims before the trial court and on direct appeal before habeas corpus relief may be available. *See Sandles v. Hemingway*, 22 F. App'x 557, 557 (6th Cir. 2001). It is evident from the face of the petition, and present motion, that Petitioner has not exhausted his claims.

 In his present motion, Petitioner asserts that his failure to exhaust is due to

3

trial counsel's failure to submit motions to suppress in the trial court. He further argues that counsel's failure to submit such motions constitutes an exceptional circumstance warranting habeas relief in advance of the criminal trial. However, this argument does not provide a basis for relief under Rules 59(e) or 60(b).

The Supreme Court has provided that the exhaustion requirement will be waived "in rare case where exceptional circumstances of peculiar urgency are shown to exist." *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944)). Petitioner has not identified any urgent circumstances sufficient to warrant interference by this Court. Petitioner fails to present any argument warranting relief under Rules 59(e) and 60(b) and the Court has not clearly erred by denying the petition.

Accordingly, the Court **DENIES** Petitioner's motion to alter or amend the judgment. This case remains closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 20, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 20, 2023, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager